# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:16 cr 90

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| BRYAN E. DYER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#20) filed by the United States Probation Office on October 14, 2016 alleging that Defendant had violated terms and conditions of his presentence release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Frank Abrams, and the Government was present through AUSA John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

The Defendant was charged in a bill of indictment (#1) filed on August 2, 2016 with presenting false and fraudulent claims against the United States, in

violation of 18 U.S.C. § 287.  A hearing was held in regard to the detention of the Defendant on August 24, 2016 and on that date the undersigned entered an order releasing Defendant on a $25,000 unsecured bond (#7).  The undersigned further set conditions of release which included the following:

> (1)  Defendant must not violate any federal, state or local law while on release.
>
> (8)(p) Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

On September 26, 2016, Defendant entered a plea of guilty (#15) to the charge contained in the bill of indictment and Defendant was continued on terms and conditions of presentence release.

On September 29, 2016 Defendant submitted to an urinalysis drug test which yielded a positive result for Defendant's use of cocaine.  On October 12, 2016, Defendant admitted to using cocaine on or about September 27, 2016 and October 9, 2016.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1) finds that there is----
    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the admission of Defendant, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. The Defendant possessed cocaine on two occasions so he could consume that substance. That possession violated both federal and state law. The possession of cocaine is a felony under federal law, 21 U.S.C. § 844, and is a felony under state law. N.C.G.S. § 90-95(a)(3).

Due to the fact there is probable cause to believe the Defendant committed at least a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release that required that he refrain from use or unlawful possession of a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802 unless it is prescribed by a licensed medical practitioner.  Defendant has clearly violated this condition by possessing cocaine which is a drug that is not prescribed by a licensed medical practitioner.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person or the community.  It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release.  As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of presentence release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of presentence release entered in this matter are hereby **REVOKED**

and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Should Defendant be admitted into an inpatient drug treatment program, then counsel for Defendant is invited to file a motion requesting that the Court reconsider the release of Defendant based upon that change of circumstances, that being that Defendant would participate in an inpatient drug treatment program. If Defendant is unable to gain admittance to an inpatient drug treatment program, then counsel for Defendant is invited to file, after **November 30, 2016**, a motion requesting that the Court reconsider the issue of release based upon a change of circumstances, that being that Defendant has served a period of thirty days in which he had not been able to have obtained or used any type of controlled substance that was not appropriately prescribed for him.

Signed: November 8, 2016

Dennis L. Howell
United States Magistrate Judge